IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEROLD WEIRICH [FD-7195] | : CIVIL ACTION |
| v. | : |
| DAVID DiGUGLIELMO, THOMAS CORBETT, and THE DISTRICT ATTORNEY OF THE COUNTY OF LANCASTER | : FILED JUL 2 2008 |
| | : NO. 07-1585 |

MEMORANDUM AND ORDER

NORMA L. SHAPIRO, S.J.                                    JULY 2, 2008

    Jerold Weirich, a state prisoner alleging ineffective assistance of counsel, timely filed a counseled habeas corpus petition pursuant to 28 U.S.C. § 2254 for claims that had been exhausted in state court. Weirich had been convicted of first degree murder of three-year-old Austin Wright and simple assault on one-year-old Logan Wright in the Lancaster County Court of Common Pleas. Weirich claims ineffective assistance of counsel for his failing to object to the trial court's jury instructions to: (1) find Weirich responsible for the children's injuries if his explanation was determined to be "wanting"; (2) decide which testimony to believe if testimony conflicts; and (3) take into account the number of witnesses when evaluating conflicting testimony of equivalent quality.[1] The Honorable M. Faith Angell, United States Magistrate Judge, ("Magistrate Judge Angell"), filed a Report and Recommendation that Weirich's habeas petition be denied. The Report and Recommendation will be approved and adopted, and Weirich's habeas petition will be denied. A certificate of appealability will not be granted.

---

[1] Weirich originally asserted four claims in his habeas petition but withdrew the fourth habeas claim.

I.  BACKGROUND

Weirich was tried before a jury in the Lancaster County Court of Common Pleas; the trial judge, the Honorable David L. Ashworth, summarized the facts: Jeannie Wright and her sons, Austin and Logan, lived with Weirich when the August 13, 2001 incidents occurred. On that day, Weirich offered to look after the boys while Wright was at work. Wright claimed she arrived at work between 9:05 and 9:10 a.m., Weirich's demeanor was "fine," and Austin's physical condition was normal when she left. (N.T., 9/30/02 at 225-26.)

Weirich testified that between 8:30 and 8:45 a.m., while outside the house, he heard Wright and Austin screaming and a "thud" (N.T., 10/03/02 at 779); when he returned inside, he saw Wright shake and throw Austin. Weirich testified that Wright then took Austin to the bedroom and told Weirich that Austin was "okay," before Wright left for work (N.T., 10/03/02 at 783); but when he checked on Austin at noon, he discovered Austin was "limp," and called #911 (N.T., 10/03/02 at 787).

Austin was declared brain dead on arrival at the hospital. Dr. Kenneth Ross, a Lancaster County forensic pathologist, testified that Austin had twenty-three different areas of trauma on his body. Dr. Ross stated that in his medical opinion, Austin could not have stayed alive as long as he did if his injuries had been inflicted earlier than 10:30 a.m. and most likely the injuries had been sustained before noon.

Weirich was convicted of first degree murder of Austin, age three, and simple assault on Logan, age one. Weirich was sentenced to life in prison on the first degree murder charge and a consecutive sentence of two to thirty-two months incarceration on the simple assault charge.

Weirich's direct appeal to the Superior Court was denied; Weirich did not file for

allowance of appeal to the Pennsylvania Supreme Court or petition the Supreme Court of the United States for certiorari. Weirich petitioned the Lancaster County Court of Common Pleas for relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541 *et seq.*, and alleged five ineffective assistance of counsel claims. The PCRA court denied relief. On appeal to the Superior Court, Weirich asserted four of the five claims he had argued to the PCRA court:

(1) Trial counsel was ineffective because he failed to object to the court's concluding jury instructions which invited the jury to find guilt based on a disbelief of Weirich's defense by instructing that if the jury found his explanation "wanting," criminal responsibility for the injuries attached;

(2) Trial counsel was ineffective because he failed to object to the court's concluding jury instructions which again placed a burden of persuasion on Weirich by defining the jury's role as a duty to "decide which testimony to believe";

(3) Trial counsel was ineffective because he failed to object to the court's concluding instructions which allowed the number of witnesses to become a factor if the evidence was "about the same;" this unconstitutionally diluted the Commonwealth's burden of proof, required a higher degree of doubt for acquittal, and unconstitutionally impaired Weirich's presumption of innocence; and

(4) Weirich was prejudiced by the ineffective failure of his trial attorney to object to the instructions.

(Answer Ex. H (June 5, 2006 Superior Court Opinion) at 4-5.) The Superior Court affirmed the PCRA court's decision; it found any error regarding the instruction on the number of witnesses was *de minimis*. The Supreme Court of Pennsylvania denied allocatur, and Weirich did not file for reconsideration or petition the Supreme Court of the United States for certiorari.

Weirich filed a federal petition for habeas corpus presenting four claims; claims one to three were identical to the first three claims argued in the PCRA Court and the new fourth claim stated the following:

3

> The mutually enforcing effect of the challenged instructions told the jury if Weirich's explanation was "wanting," coupled with the instructions to resolve direct conflicts in the testimony by determining whom to believe, could only be interpreted by the jury as casting the burden of believability on him.

(Answer at 9.) Weirich later withdrew this claim. Magistrate Judge Angell's Report and Recommendation recommended that Weirich's habeas petition be denied. Weirich filed objections to the Report and Recommendation.

## II. DISCUSSION

### A.  Standard of review

A district court reviews the portions of a magistrate judge's Report and Recommendation to which a petitioner objects *de novo*. See 28 U.S.C. § 636(b)(1)(C).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a writ of habeas corpus for a person serving a state court sentence shall not be granted unless the state court adjudication, "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have distinct meaning. See Bell v. Cone, 535 U.S. 685, 694 (2002); Williams v. Taylor, 529 U.S. 362, 404-05 (2000). A state court decision is "contrary to" clearly established federal law if a state court reaches a different outcome when confronting a materially indistinguishable set of facts from that of a Supreme Court decision or "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law." Williams, 529 U.S. at 413; see also Bell, 535 U.S. at 694. To hold that a state court decision is an "unreasonable application" of clearly established federal

law, a federal habeas court must conclude that the state court decision was not merely incorrect but that it applied a correctly identified legal rule to the facts of a particular prisoner's case in an objectively unreasonable manner. See Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003); Bell, 535 U.S. at 694; Williams, 529 U.S. at 407-08, 411.

## B. Ineffective Assistance of Counsel

A petitioner claiming ineffective assistance of counsel must provide evidence that: (1) counsel performed deficiently; and (2) as a result of that performance the defendant was prejudiced. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Outten v. Kearney, 464 F.3d 401, 414 (3d Cir. 2006). When evaluating the deficiency of counsel's representation, a court must determine whether, bearing in mind all of the circumstances, counsel acted in an objectively reasonable manner that was in accordance with professional norms. Strickland, 466 U.S. at 689; Outten, 464 F.3d at 414. A court is highly deferential to counsel. Strickland, 466 U.S. at 688-89. Even if counsel's conduct was deficient, he was not ineffective unless his behavior prejudiced the client. Strickland, 466 U.S. at 692; Outten, 464 F.3d at 414. To show prejudice, Weirich must provide evidence that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694; Outten, 464 F.3d at 414.

The state court applied Commonwealth v. Pierce, 527 A.2d 973, 976-77 (Pa. 1987), to assess counsel's effectiveness. Weirich had to establish by a preponderance of the evidence that: "(1) the underlying claim has substantive merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or her actions or failure to act; and (3) he

5

suffered prejudice as a result of that counsel's deficient performance." Commonwealth v. Hall, 872 A.2d 1177, 1184 n.6 (Pa. 2005).

The Third Circuit has ruled that this test is not "contrary to" the Supreme Court's decision in Strickland and meets the initial requirement of AEDPA. Werts v. Vaughn, 228 F.3d 178, 204 (3d Cir. 2000), *cert. denied*, 532 U.S. 980 (2001); Pierce, 527 A.2d at 976-77. The state court's reliance on Pierce is not "contrary to" clearly established federal law.

The second step in the AEDPA analysis requires determining if the state court's decision on Weirich's three ineffective assistance of counsel claims was based on an "unreasonable application" of federal law.

### C.     First Ineffective Assistance of Counsel Habeas Claim

Weirich asserts that trial counsel was ineffective for failing to object to the following jury instruction:

> Where an adult is given sole custody of a child of tender years for a period of time, and during that time the child sustains injuries which may have been caused by a criminal act, the jury may examine any explanation offered. And if they find that explanation wanting, they may reject it and find that person having custody of the child responsible for the wounds."

(N.T., 10/04/02 at 996.)

Weirich argues this instruction violated his due process constitutional rights. (Objections at 9.) A jury instruction suggesting that a defendant can be convicted of a crime without "proof beyond a reasonable doubt of every fact necessary to constitute the [charged] crime . . . ." violates defendant's due process rights. In re Winship, 397 U.S. 358, 364 (1970). A jury instruction must not be "judged in artificial isolation but must be viewed in the context of the overall charge." Jacobs v. Horn, 395 F.3d 92, 111 (3d Cir. 2005).

6

The charge stated numerous times that the Commonwealth had the burden of proving Weirich's guilt beyond a reasonable doubt.[2] Weirich claims that: (1) these instructions are contradicted by the challenged instruction; (2) this leads to a due process violation; and (3) United States v. Hernandez, 176 F.3d 719 (3d Cir. 1999), mandates a finding in his favor. In Hernandez, the court explained that "[h]ere, the jury was given two explanations of reasonable doubt. One was incorrect, and one was not. Due Process does not allow us to guess which definition the jurors adopted so long as there is a reasonable likelihood it chose the wrong one." Id. at 734.

The facts of Hernandez are distinguishable. In Hernandez, the judge gave conflicting instructions to the jury by defining reasonable doubt correctly in one instruction and incorrectly in another instruction; but the jury instruction Weirich challenged does not directly conflict with any other. The judge in Weirich's trial properly explained to the jury that it could reject testimony it found "wanting," and find that individual responsible for the children's injuries. Cf. United States v. Scheffer, 523 U.S. 303, 313 (1998) ("Determining the weight and credibility of witness testimony . . . has long been held to be the 'part of every case [that] belongs to the

---

[2] N.T., 10/04/02 at 981, 982, 989: "[A] defendant is presumed to remain innocent throughout the trial until and unless . . . the Commonwealth has proven him guilty beyond a reasonable doubt of the charges made against him. . . . It is not the defendant's burden to prove he is not guilty. Instead, it is the Commonwealth that always has the burden of proving each and every element of the crimes charged and that the defendant is guilty of those crimes beyond a reasonable doubt. . . . [A] person accused of a crime is not required to present evidence or to prove anything in his own defense. If the evidence presented fails to meet the Commonwealth's burden of proof, then your verdict must not be guilty. . . . [Y]ou may not find the defendant guilty based upon a mere suspicion of guilt. The Commonwealth has the burden fo proving the defendant guilty beyond a reasonable doubt. . . . [I]f the Commonwealth has not met its burden, then you must find him not guilty. . . . You cannot find the defendant guilty or - you cannot find that the defendant killed Austin Wright unless you are satisfied beyond a reasonable doubt that the defendant's conduct was a direct cause of his death."

7

jury...."); United States v. Hill, 449 F.2d 743, 743 n.3 (3d Cir. 1971). If this instruction had not been supplemented by an instruction explaining that the Commonwealth had the burden of proving Weirich's guilt beyond a reasonable doubt, it would have been improper. See, e.g., In re Winship, 397 U.S. at 364. The challenged instruction was not incorrect; it did not include a statement that the Government must prove Weirich's guilt beyond a reasonable doubt, but other instructions charged by the court stated the reasonable doubt standard numerous times. Since the challenged instruction must be evaluated as part of the entire jury charge, it was not constitutionally deficient. Jacobs, 395 F.3d at 111.

Weirich argues Humanik v. Beyer, 871 F.2d 432, 440-41 (3d Cir. 1989), supports his claim that the challenged jury instruction violated due process. The facts of Humanik are distinguishable because the jury instructions there explicitly stated that the defendant had the burden of proving an affirmative defense. 871 F.2d at 435. The jury instructions here did not refer to an affirmative defense and did not place the burden of proving anything on Weirich.

The challenged jury instruction did not violate Weirich's due process constitutional rights because it did not dilute the Commonwealth's burden of proving his guilt beyond a reasonable doubt or shift to him the burden of proving his innocence. Weirich cannot show that counsel's performance was deficient for failing to object to this jury instruction. The state court adjudication that trial counsel's performance was not deficient was neither "contrary to," nor an "unreasonable application" of, Supreme Court precedent. Weirich's first ineffective assistance of counsel claim has no merit.

### D. Second Ineffective Assistance of Counsel Habeas Claim

Weirich argues trial counsel was ineffective for failing to object to the following jury

instruction:

> If you cannot reconcile a conflict in testimony, it is up to you, the jury, to decide which testimony to believe, if any, and which testimony to reject as untrue or inaccurate. . . . In deciding which of the conflicting testimony to believe, you should not necessarily be swayed by the number of witnesses on either side.

(N.T., 10/04/02 at 985-86.)

Weirich argues this instruction forced him to prove his innocence, but he misconstrued the instruction. (Objections at 21.) The instruction did not require the jury to believe Weirich in order to acquit him; it merely guided the jurors how to evaluate conflicting testimony and choose which testimony to believe. (Objections at 21.) It is the jury's role to evaluate witnesses' credibility and reconcile conflicting testimony. E.g., United States v. Scheffer, 523 U.S. 303, 313 (1998) ("Determining the weight and credibility of witness testimony . . . has long been held to be the 'part of every case [that] belongs to the jury . . . .'"); United States v. Hill, 449 F.2d 743, 743 n.3 (3d Cir. 1971).

Weirich's trial counsel did not act improperly by failing to object to a valid jury instruction. This jury instruction was proper and did not make the trial a "credibility contest," as Weirich asserted. (Objections at 22.) The state court adjudication that trial counsel's performance was not deficient was neither "contrary to," nor an "unreasonable application" of, Supreme Court precedent. Weirich's second ineffective assistance of counsel claim has no merit.

### E.     Third Ineffective Assistance of Counsel Habeas Claim

Weirich asserts that trial counsel was ineffective for failing to object to the following jury instruction:

> You should consider whether the witnesses appear to be biased or unbiased, whether they are interested or disinterested persons. The important thing to

9

> remember is the quality of the testimony, not necessarily the quantity or the number of witnesses. Now, if the quality -- or quantity or the quality is about the same, then the number of witnesses takes on a particular importance.

(N.T., 10/04/02 at 986.) This instruction followed the earlier instruction which stated, "[i]n deciding which of the conflicting testimony to believe, you should not necessarily be swayed by the number of witnesses on either side." Id. at 985-86.

The Superior Court stated, "the only important conflict in the testimony was between [Weirich] and his girlfriend; therefore the number of witnesses was equal" so the challenged instruction was not prejudicial. (Answer Ex. H (June 5, 2006 Superior Court Opinion) at 9.) There was an important conflict in the testimony between Weirich and Wright, but there was also an important conflict in the testimony between Weirich, who claimed that Wright injured Austin between 8:30 and 8:45 a.m., and Dr. Ross, who testified that Austin was most likely injured between 10:30 a.m. and noon. Weirich's version of the events conflicts with that of at least two individuals; the number of witnesses on each side was not equal.

The Superior Court's determination that trial counsel did not act ineffectively was not an "unreasonable application of" federal law under AEDPA. A state court decision involves an unreasonable application of the law if it resulted in an outcome that cannot reasonably be justified under Strickland. See Werts, 228 F.3d at 204. Under Strickland, even if counsel's conduct was deficient, he was not ineffective unless his behavior prejudiced the defense. Strickland, 466 U.S. at 694. Even if counsel's failure to object to the challenged instruction was deficient, it did not prejudice Weirich. A jury instruction must always be evaluated in context. See, e.g., Jacobs, 395 F.3d at 111. The jury charge as a whole informed the jury that the number of witnesses was not a dispositive factor when evaluating conflicting testimony but a factor to

consider with other factors, such as importance of the conflicting statements, "whether the conflict [was] brought about by an innocent mistake or an intentional falsehood," and the credibility of the witnesses. (N.T., 10/04/02 at 985.)

When evaluating credibility of witnesses, the court explained numerous factors that the jury should evaluate.[3] Any error in failing to object to the challenged instruction, in light of the entire jury charge, was *de minimis*; even if counsel had objected to it, and the objection were sustained, Weirich has not shown "a reasonable probability that . . . the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The state court adjudication that trial counsel's performance was not deficient was neither "contrary to," nor an "unreasonable application" of, Supreme Court precedent. Weirich's third ineffective assistance of counsel claim has no merit.

### III. CONCLUSION

The Report and Recommendation submitted by Magistrate Judge Angell will be approved and adopted; Weirich's objections will be overruled, Weirich's petition for habeas corpus relief under 28 U.S.C. § 2254 will be denied and dismissed without an evidentiary hearing. There is no probable cause to issue a certificate of appealability. An appropriate order follows.

---

[3] N.T., 10/04/02 at 983: "Whether the witness has any interest in the outcome of the case, or has any friendship or animosity towards other persons concerned in the case; the behavior of the witness on the witness stand and his or her demeanor; his or her manner of testifying and whether he or she shows any bias or prejudice which may color his or her testimony; the accuracy of his or her memory and recollection; his or her ability and opportunity to acquire knowledge of or to observe the matters concerning which he or she testifies; the consistency or inconsistencies of his or her testimony, as well as its reasonableness or unreasonableness in light of all of the evidence in the case."

11

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEROLD WEIRICH [FD-7195] | : | CIVIL ACTION |
| v. | : | |
| DAVID DiGUGLIELMO, THOMAS CORBETT, and THE DISTRICT ATTORNEY OF THE COUNTY OF LANCASTER | : : : | NO. 07-1585 |

## ORDER

AND NOW, this 2d day of July, 2008, upon consideration of the petition for writ of habeas corpus, the Report and Recommendation of United States Magistrate Judge M. Faith Angell, petitioner's objections to the Report and Recommendation, and all other relevant papers in the record, for the reasons set forth in the accompanying memorandum, it is **ORDERED** that:

1. The report and recommendation (paper no. 12) is **APPROVED** and **ADOPTED**.

2. The petition for a writ of habeas corpus (paper no. 1) is **DENIED**.

3. Petitioner's objections (paper no. 15) are **OVERRULED**.

4. Because petitioner has failed to make a substantial showing of the denial of a constitutional right, there is no basis for issuing a certificate of appealability.

*Norma L. Shapiro*
S.J.